### Petition of FLORIDA TANK LINES, Inc.

### No. 4422-CCT.

Railroad & Public Utilities Commission.

August 14, 1957.

Charles S. Ausley and D. Fred McMullen, Ausley & Ausley, Tallahassee, and Ted David, Hollywood, for petitioner.

Frank J. Kelly, Miami, for Miami Transfer Co., Leonard Bros. Transfer & Storage Co., and Fort Lauderdale Transfer Co., protestants.

Wayne K. Ramsay, Jacksonville, for Gould Trucking Co. of Tampa and Ploof Transfer Co., protestants.

John M. Allison, Tampa, for Central Truck Lines, Inc., as its interest might appear.

John T. Bond, Miami, for W. A. Dickinson Transfer Co., protestant.

William P. Tomasello, Bartow, for Commercial Carrier Corp., protestant.

Chairman ALAN S. BOYD and Commissioner JERRY W. CARTER participated in the hearing and disposition of this matter.

BY THE COMMISSION.

The commission held a public hearing on this petition on May 28, 1957 in the commission hearing room, Whitfield Bldg., Tallahassee, pursuant to due notice.

On April 24, 1956 the commission entered its order #3477 in this docket approving transfer of certificate of public convenience and necessity #L-60 from Watt Smith to Florida Tank Lines, Inc., which certificate theretofore authorized and now authorizes the transportation of heavy articles too bulky and heavy for other carriers to handle with ordinary trucking equipment, particularly such commodities as heavy machinery, tanks, boilers, reinforcing steel, structural steel, transformers, also cement, in truckload lots only, to and from points and places within the state over irregular routes. Said certificate was restricted on transfer, however, to domiciling motor vehicle equipment at Orlando and Leesburg only. Thereafter on June 14, 1956, the commission entered order #3534 transferring the said certificate and incorporating therein the aforesaid restriction which Florida Tank Lines, Inc. now seeks to have removed.

At the time of the transfer of certificate #L-60, the commission had pending before it a proceeding instituted on its own motion proposing the adoption of rules and regulations restricting heavy haulers, such as petitioner here, from domiciling motor vehicle equipment at points other than their principal place of business as shown by their original authority or the application therefor without having obtained authority from the commission for other domicile points. The order proposing such rule, order #2928 entered on December 1, 1953, in docket #3923-CCT, also ordered that all common carrier heavy haulers make no further extensions of their operations by domiciling motor vehicle equipment at points other than points where they were at that time domiciling such equipment pending a determination of that proceeding.

As a result of said order #2928 and the proceeding instituted by it, certificate #L-60 was restricted as aforesaid on transfer of same to Florida Tank Lines, Inc. Later, however, on February 25, 1957, the commission entered its order #3758 in docket #3923

dismissing such rule-making proceeding and revoking its previous order #2928 which had frozen heavy haulers to their December 1, 1953, points of domicile. By such order the commission found, among other things, that for the public to be adequately served by the few heavy haulers who own special equipment, such carriers should be allowed flexibility of movement and domicile within the territories which they are authorized to serve by their respective certificates. In view of these circumstances, and after due consideration of the evidence adduced in this cause and the arguments of counsel for the respective parties, the commission finds that the domicile restriction heretofore placed in certificate #L-60 should be removed.

It is therefore ordered that the petition of Florida Tank Lines, Inc. to remove the aforesaid restriction be, and it is, granted and the restriction in certificate of public convenience and necessity #L-60, limiting operation thereunder to domiciling motor vehicle equipment at Orlando and Leesburg only, be, and it is, removed and cancelled.